## SIMPKINS v. PERRY PIE CO. et al.

### (Circuit Court, E. D. Missouri, E. D.   May 16, 1893.)

### No. 3,267.

PATENTS FOR INVENTIONS—INFRINGEMENT—OVENS.

Letters patent No. 355,568, issued January 4, 1887, to Alvin T. Simpkins, for an improvement in bakers' ovens, was for an oven having chambers above and below, divided into flues, through which the products of combustion pass backwards and forwards until they reach the chimney, in front, with upright flues in the front corners connecting the upper and lower chambers. The same device was already in use, but resulted in the overheating of the rear part of the oven, to obviate which the patentee used, and claimed as his invention, a wall in the lower chamber situated a "suitable distance" in front of the back wall. The patent contained nothing further as to the exact location of this wall. Respondents use ovens 14 feet long, without this additional wall, but with a ledge extending from the rear wall 6 inches under the oven, to support the floor. *Held*, that this ledge has no important function towards equalizing the heat in an oven of this length, and hence it does not infringe complainant's patent.

In Equity. Suit by Alvin T. Simpkins against the Perry Pie Company and others for the infringement of letters patent No. 355,568, issued January 4, 1887, to complainant, for an improvement in bakers' ovens. Bill dismissed.

Wm. M. Eccles, for complainant.

Geo. H. Knight and Rassieur & Schnurmacher, for defendants.

HALLETT, District Judge. Complainant's oven is heated through the walls, and not by carrying the flames of the furnace into the chamber of the oven. There are chambers above and below the oven, which are divided into flues, through which the products of combustion pass backward and forward until at length they reach

the chimney, which is at the front, near the center of the oven. There are upright flues at the front and in remote corners of the oven, connecting the lower and upper chambers. At the date of complainant's invention, January 4, 1887, the use of such chambers for heating an oven through the hearth and roof was well known, but the method then prevailing resulted in overheating the back part of the chamber of the oven, so that the process of baking proceeded much more rapidly in the back than in the front of the oven. To equalize the heat in all parts of the oven, complainant transferred the upright flues connecting the upper and lower chambers from the back wall of the oven to the front. He thus closed the back wall of the oven from all contact with the flames and hot air of the furnace, and made an important step towards reducing the temperature of that part of the oven. But he claimed nothing in the way of invention on account of this change. The new feature of complainant's oven is an upright wall traversing the lower chamber near the back, which shortens the chamber somewhat, and prevents the blast of the furnace from going to the back wall. In the opinion of complainant, it was necessary to prevent the products of combustion from going to the back wall of the oven, and for that purpose he inserted a wall in the lower chamber "a suitable distance" in front of the back wall. The claims of the patent—two in number—read as follows:

"(1) In bakers' ovens, the upright wall, c, in combination with oven, a, and side walls, d, of brick setting, substantially as shown, and for the purpose described.

"(2) In bakers' ovens, the upright wall, c, horizontal flues, i, j, vertical flues, k, and horizontal flues, 1, 1', in combination with oven, a, substantially as shown, and for the purpose described."

As to the upright wall, c, here referred to, it is obvious that its proper position in the lower chamber would depend very much upon the length of the oven. In the case of a short oven the flames of the furnace immediately in front of the chamber would go to the back wall of the chamber, which is also the back wall of the oven, with great force, and it might be overheated. By extending the oven, and thus removing the back wall to a greater distance from the furnace, the danger of overheating would be diminished until it would entirely disappear. The scale of the drawings accompanying complainant's patent is not given, and therefore we cannot say to what length of oven the wall, c, traversing the lower heat chamber, is applicable. In the description of the oven it is said that the wall is to be placed "at a suitable distance forward from the rear wall," without stating what shall be a suitable distance for any length of oven.

Respondents have several ovens of the same pattern, which are alleged to infringe complainant's patent. They are all 14 feet long, and the rear wall extends 6 inches under the oven. There is no wall separate from the rear wall, as described in complainant's patent. A ledge is added to the rear wall for the purpose, it is said, of supporting the hearth or floor of the oven, and the ledge is the feature on which complainant relies as infringing his patent.

In an oven of the length of 14 feet, I am of the opinion that the ledge mentioned has no important function towards equalizing the temperature of the oven. If the ledge were removed, and the heat turned towards the front by the back wall alone, the operation of the oven would be the same. I am therefore constrained to say that respondents have not infringed complainant's patent, and the bill ought to be dismissed, with costs.